## Mary H. Richards v. George W. Proper.

*Wife not liable to surety on her note for her husband's debt.*

A surety on a promissory note given by a wife for an unpaid balance upon her husband's debt, could not, after paying the note, recover against the wife, on a showing that the husband after contracting the debt had conveyed encumbered real estate to her, especially as it did not appear what the value of the property was or the amount of the encumbrance, or that the conveyance was fraudulent as against creditors.

Error to Hillsdale. Submitted June 11. Decided June 16.

Assumpsit. Defendant brings error. Reversed.

*N. J. Richards* for plaintiff in error.

*S. D. McNeal* and *John D. Conely* for defendant in error.

MARSTON, C. J.   This action was brought to recover the amount paid by Proper, as surety, on a promissory note dated February 20, 1877, given by plaintiff in error while a married woman, for the unpaid balance of her husband's debt contracted as early as 1873.   It appeared that in the fall or winter of 1873 Mrs. Richards' husband conveyed to her certain encumbered real estate : the value thereof, or amount of the encumbrance, does not appear, nor does it appear what other property he then owned or the amount of his indebtedness.

Plaintiff below claimed that because Mrs. Richards had received a conveyance of the real estate referred to she should be held liable upon this note.   At the time the note was given (or a previous one given by her for the same debt which this was to take up), she was told that she should give the same if she were to have her husband's property.   The argument advanced in this court is that the principal debtor, having while indebted transferred his property to his wife under such circumstances that the creditors could still follow the property, she, in consideration of the premises, could bind her estate by giving a note.   In other words, that knowing the consequences she preferred to charge her property by giving this note, rather than that the creditors should seek to deprive her of the property she had received from her husband in fraud of their rights.

It is a sufficient answer to this position to say that there is no evidence tending to show the conveyance to Mrs. Richards to have been fraudulent as to her husband's creditors. The property conveyed to her was encumbered ; the value thereof over and above the encumbrance does not appear. Her husband may have had sufficient other property, real or personal or both, at that time to meet every obligation against him.   In other respects the case fails to show a conveyance fraudulent as to creditors.   Even if it did, we are not prepared to say that Mrs. Richards could be held upon this note upon the theory advanced in this case.   We may well doubt whether a fraudulent conveyance by the husband of his property to his wife would confer power upon her to

bind herself in this manner to an unlimited extent. Such would be the effect of the doctrine contended for in this case. We need not, however, give any opinion upon such a question, as it does not arise in the present case. See *Reed v. Buys* ante. p. ——.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.